UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE WOOD, et al.,

      Plaintiffs,

v.                            Case No. 20-10994

                            HON. VICTORIA A. ROBERTS

MICHIGAN DEPARTMENT OF
CORRECTIONS.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR ORDER REQUIRING MENTAL EXAMINATION PURSUANT TO FED. R. CIV. P. 35(a) (ECF No. 20)

## I.    INTRODUCTION

This is a civil rights case. Plaintiffs allege that Defendant's disparate treatment, hostile work environment, and retaliation proximately caused their injuries, including, among other things, humiliation and mental and emotional distress. Before the Court is Defendant's Motion for Order Requiring Mental Examination Pursuant to Fed. R. Civ. P. 35(a). Defendant requests that the Court order Plaintiffs to submit to independent mental examinations ("IMEs") because they place their mental health in controversy.

Plaintiffs agree to the IMEs but request "reasonable accommodation." They argue they are unable to undergo examination without the presence of counsel or a representative from counsel's office because their Post-Traumatic Stress disorder ("PTSD") and other injuries are special needs and present good cause to allow the presence of third parties.

The Court GRANTS Defendant's Motion for Order Requiring Mental Examination but will not allow Plaintiffs' representatives to attend.

## II.   ANALYSIS

### A. Plaintiffs' Mental Conditions are in Controversy and Good Cause Exists to Order Independent Mental Examination

The Court may order a party to submit to mental examination. Federal Rule of Civil Procedure 35 provides:

> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a). The rule contains both "in controversy" and "good cause" requirements. *See Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964). These requirements can be met on the pleadings alone. *Id.* at 118-19. Plaintiffs admit, in their complaint, that their mental conditions are in controversy and there is good cause to require mental examination. The Court orders Plaintiffs to attend IMEs.

### B. Third Parties Will Not Be Allowed at the Independent Mental Examination

Federal courts generally overrule requests to have attorneys or third parties attend IMEs except on the highest showing of good cause. *See Heffelfinger v. Connolly*, No. 3:06 CV 2823, 2008 WL 4417177, at *1 (N.D. Ohio Sept. 27, 2008); *Spencer v. Huron County*, 2016 WL 4578102, at *3 (ED. Mich. Sept. 2, 2016); *Lahar v. Oakland Cty.*, 2006 WL 2269340, at *8 (E.D. Mich. Aug. 8, 2006). The circumstances requiring third party presence "must be balanced against the interests of the parties involved in the litigation." *Stefan v. Trinity Trucking, LLC*, 275 F.R.D. 248, 250 (N.D. Ohio 2011). In *Heffelfinger*, the court relied on several persuasive arguments to disallow third parties in the examination room, including: (1) institutional policies prohibiting such attendance; (2) risks to the integrity of the examination; and (3) ethical considerations. *Heffelfinger*, 2008 WL 44171777

3

at *1. In discussing the integrity of the examination, the Court emphasized the need to "implement and maintain standardized procedures, avoid distractions and possible influence on the plaintiff's motivation and enable appropriate rapport between the examiner and the plaintiff." *Id*.

Although the Court is sympathetic, given Plaintiffs' alleged injuries, it finds that the need to protect the integrity and maintain the dynamics of the examinations outweighs the Plaintiffs' desire for third parties to attend the IMEs.

### III.   CONCLUSION

The Court **GRANTS** Defendant's Motion for Order Requiring Mental Examination.

Defendant proposes that Dr. Brandon G. Moore, MD perform the IMEs at his office in Livonia, MI on December 16, 2020 at 2:00 p.m. and 3:15 p.m. In the alternative, Defendant requests IMEs at a date and time agreed upon by both parties. If Plaintiffs cannot attend on December 16, 2020, the Court orders Plaintiffs to cooperate with Defendant in selecting another date. The Court denies Plaintiffs' request to have counsel, or their representatives, present during the IMEs.

4

**ORDERED.**

Date: December 4, 2020                    s/ Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Court Judge